HOUSING AUTHORITY OF THE CITY OF WILMINGTON, NORTH CARO-
LINA. v. J. K. BROWN AND ELECTRIC CHEMICAL COMPANY.

(Filed 10 October, 1956.)

Process § 8d—

    Findings of fact of the trial court *held* sufficient to support its conclusion
that defendant corporation was doing business in this State within the
meaning of G.S. 55-38 so as to warrant service of process by service on the
Secretary of State.

JOHNSON, J., not sitting.

APPEAL by defendant Electric Chemical Company from *Stevens, J.,*
May Civil Term, 1956, of NEW HANOVER.

This appeal is from a denial of the corporate defendant's motion
under special appearance to set aside service of process and to dismiss.
The judgment of the court below sets out in detail the proceedings and
the court's findings of fact, viz.:

"This cause coming on for hearing and being heard by the under-
signed Judge holding the May 1956 Civil Term of Superior Court of
New Hanover County, upon the Special Appearance and Motion of
the defendant, Electric Chemical Company, to set aside service of sum-
mons and to dismiss Amendment to Complaint, both plaintiff and de-
fendants being represented by counsel; and

"It appearing to the Court that summons and complaint were filed
in the Superior Court of New Hanover County on the 26th day of
January 1956, and that copy of summons and complaint were served
by the Sheriff of New Hanover County on R. E. Miller, Technical
Director for the defendant Electric Chemical Company on January
26, 1956; and

"It further appearing to the Court that copy of summons and com-
plaint were served on J. K. Brown, Service Engineer for the defendant
Electric Chemical Company, by the Sheriff of Guilford County, North
Carolina, on January 27, 1956; and

"It further appearing to the Court that two copies of the summons
and complaint in this action were on March 7, 1956, served by the
Sheriff of Wake County, North Carolina, on Honorable Thad Eure,
Secretary of State, of the State of North Carolina, Raleigh, North
Carolina, said Secretary being the Process Agent for the defendant
Electric Chemical Company named in the Order of the summons as
provided in Chapter 55 of the General Statutes of North Carolina, and
that on March 9, 1956, copy of said summons and complaint were deliv-
ered to the defendant Electric Chemical Company by registered mail,
as by law provided; and

"It further appearing to the Court that, by leave of this Court first had and obtained, the plaintiff amended its complaint as set out in said Amendment to the Complaint, said Amendment being served by the Sheriff of Wake County, North Carolina, on the Honorable Thad Eure, Secretary of State, of the State of North Carolina, Raleigh, North Carolina, on April 20, 1956, as by law provided; that on or about the 23rd day of April 1956 a copy of said Amendment to said Complaint was delivered to the defendant Electric Chemical Company, by registered mail, as by law provided; and

"It further appearing to the Court that on or about February 23, 1956 the defendant J. K. Brown filed an answer to said complaint; and

"It further appearing to the Court that on or about February 20, 1956 the defendant Electric Chemical Company, through counsel, entered a Special Appearance and Motion to set aside attempted service of summons upon the grounds therein set forth; and

"It further appearing to the Court that thereafter, on or about March 30, 1956, the defendant Electric Chemical Company entered a Special Appearance and Motion to set aside service of summons through the Secretary of State, of the State of North Carolina, as Process Agent for said defendant, as provided by law; and

"It further appearing to the Court that on or about the 30th day of April 1956, the defendant Electric Chemical Company entered a Special Appearance and Motion to dismiss an Amendment to Complaint filed by plaintiff on or about April 17, 1956.

"Upon the reading of all pleadings, and affidavits in support thereof, and after hearing argument of counsel, and after a careful examination of the law applicable to this action, the COURT FINDS THE FOLLOWING FACTS:

"1. That the defendant Electric Chemical Company is a corporation organized and existing under and by virtue of the laws of the State of Ohio, with its principal office in the City of Cleveland, and was not at the times complained of domesticated in the State of North Carolina, nor did it have an officer or agent in the State of North Carolina upon whom process in all actions or proceedings against it could be served.

"2. That the Electric Chemical Company was at the times complained of engaged in the manufacture, production and sale of chemical products and water conditioning materials for the control and prevention of corrosion, and other deleterious matters in hot and cold water distribution systems, domestic and commercial, and had transacted and repeatedly solicited business in the State of North Carolina over a period of approximately ten years prior to the commencement of this action on January 26, 1956.

"3. That the defendant J. K. Brown at all times represented himself to be Service Engineer for the defendant, Electric Chemical Company,.

in the State of North Carolina, and was engaged by the defendant Electric Chemical Company as such, and as the accredited representative of the defendant Electric Chemical Company, made periodical visits to the City of Wilmington for the specific purpose of making checks, readings, tests, and chemical analyses of the raw city water, and making recommendations for the treatment of the domestic hot water distribution systems for the various projects of the Housing Authority of the City of Wilmington.

"4. That upon the recommendation of the said J. K. Brown, Service Engineer, as aforesaid, chemical materials were purchased from the defendant Electric Chemical Company by the Housing Authority of the City of Wilmington, and payment made therefor.

"5. That the said J. K. Brown, acting for and in behalf of the defendant Electric Chemical Company, as its accredited representative, recommended the purchase by the plaintiff from the defendant, Electric Chemical Company, of a manual by-pass feeder to be installed on the said Domestic Hot Water Distribution System of the Dr. W. Houston Moore Terrace Project, for the purpose of injecting the chemical materials purchased from the defendant Electric Chemical Company, as recommended by the said J. K. Brown, into the said Domestic Hot Water Distribution System in said Project; that the said feeder was installed under the personal supervision of the said J. K. Brown, Service Engineer as aforesaid, while acting as Agent, Servant, or Employee of the Electric Chemical Company.

"6. That all correspondence between the said J. K. Brown, Service Engineer as aforesaid, and while acting for and in behalf of his employer, the defendant, Electric Chemical Company, and the plaintiff, was conducted on letterheads of the defendant Electric Chemical Company with the name J. K. Brown appearing as Chemist and Service Engineer thereon.

"7. That R. E. Miller had for approximately three years prior to the commencement of this action on January 26, 1956, made several visits to the City of Wilmington as the authorized representative of the defendant, Electric Chemical Company, for the purpose of consulting with the staff of the Housing Authority of the city of Wilmington, and J. K. Brown, Service Engineer as aforesaid, concerning complaints with reference to the domestic hot water distribution systems, of the Housing Authority of the City of Wilmington; that the said R. E. Miller, with the said J. K. Brown, after making certain checks, tests and investigations, made certain recommendations to the Housing Authority of the City of Wilmington with reference to the chemicals to be used as well as the manner in which they should be used, and the equipment to be used in connection therewith.

"8. That the said R. E. Miller, while acting as agent, servant or employee of the defendant Electric Chemical Company, secured the services of and personally supervised the installation of an automatic chemical feeder regulating the injection of chemicals into the domestic hot water distribution system in the Dr. W. Houston Moore Terrace Project by a local plumbing concern, the automatic chemical feeder being furnished by the defendant Electric Chemical Company, and the installation thereof being paid for by the plaintiff, for which it was later reimbursed by the said J. K. Brown, for and in behalf of the Electric Chemical Company, the defendant herein.

"9. That the said J. K. Brown and the said R. E. Miller, as agents and representatives of the defendant, Electric Chemical Company, repeatedly solicited business in the State of North Carolina, and all business transactions were consummated within the State of North Carolina.

"10. That certain personal property belonging to the defendant Electric Chemical Company was on hand at the Dr. W. Houston Moore Terrace Project at the time of the commencement of this action, to-wit: January 26, 1956, the approximate value being $575.00.

"11. That the said J. K. Brown and the said R. E. Miller were acting for and in behalf of their employer the defendant, Electric Chemical Company, as agents, servants or employees at the times and places complained of in the complaint filed in this action, and were engaged in the performance of their master's business.

"12. That the foregoing facts constitute doing business in the State of North Carolina as contemplated by the laws of this State applicable thereto.

"Upon the finding of the foregoing facts,

"IT IS ORDERED, ADJUDGED AND DECREED by the Court that the motion of the defendants with reference to service of summons and complaint upon the defendant, Electric Chemical Company, by serving the same upon R. E. Miller, Technical Director, be and the same is hereby allowed;

"AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion to dismiss the action against J. K. Brown, as agent, servant and employee of the Electric Chemical Company be and the same is hereby allowed;

"AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of the defendants with reference to service of summons and complaint, and amended complaint, upon Honorable Thad Eure, Secretary of State, of the State of North Carolina, Raleigh, North Carolina, as Process Agent for the Electric Chemical Company, as provided by law, be and the same is hereby denied."

Upon exceptions to and appeal from said judgment, the corporate defendant assigns as error: (1) the failure of the court below to make certain requested findings of fact; (2) the insufficiency of the evidence to support designated findings of fact; and (3) the conclusion of law that the service on the Secretary of State, as process agent for the corporate defendant, constituted valid service.

*McClelland & Burney for plaintiff, appellee.*

*Stevens, Burgwin & McGhee for defendant Electric Chemical Company, appellant.*

PER CURIAM. The evidence and the findings of fact have been fully considered; and the conclusion reached is that each and all of appellant's assignments of error must be overruled. The findings of fact are supported by competent evidence. On the facts so established, the corporate defendant's activities in North Carolina constituted doing business in North Carolina within the meaning of G.S. 55-38. Hence, there is no occasion to consider the constitutionality of Chapter 1143, Session Laws of 1955.

Affirmed.

JOHNSON, J., not sitting.